986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dane GARRISON, Plaintiff-Appellant,
v.
J.J. CLARK, Warden; Ernest Bristol, Hospital Administrator;
Jorge R. Belgodore; Randy Wall, Defendants-Appellees.
 No. 92-5683.
 United States Court of Appeals, Sixth Circuit.
 Feb. 24, 1993.
 
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This attorney-represented federal prisoner appeals the summary judgment for defendants in this civil rights action filed pursuant to the authority in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 390-97 (1971). The parties have expressly waived oral argument. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed his complaint in the district court alleging that the defendant federal prison officials were deliberately indifferent to his serious medical needs, nearly resulting in the amputation of his right leg due to a gangrenous infection. Plaintiff sought compensatory and punitive damages. Plaintiff moved the district court for summary judgment and defendants moved to dismiss or for summary judgment. Both motions were denied by the district court. Thereafter, plaintiff filed an amended complaint. Defendants filed an answer to the complaint and renewed their motion to dismiss or for summary judgment. After plaintiff responded in opposition to the motion, the district court granted summary judgment for defendants. A motion to reconsider the judgment was denied.
 
 
 3
 A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). To establish an Eighth Amendment claim of deliberate indifference to a serious medical need, plaintiff must show that defendants unnecessarily and wantonly inflicted pain upon him. See Estelle v. Gamble, 429 U.S. 97, 103-04 (1976). The pertinent inquiry has both objective and subjective components, that is, whether the deprivation was "sufficiently serious" and whether defendants acted "with a sufficiently culpable state of mind." Caldwell v. Moore, 968 F.2d 595, 602 (6th Cir.1992) (citing Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991)).
 
 
 4
 Upon consideration, it is concluded that the evidence is such that summary judgment was not warranted with respect to defendant Bristol. For example, plaintiff's testimony in his deposition that he was thrown out of the prison hospital after Bristol overheard plaintiff telling another prisoner that he intended to contact an attorney if he did not receive adequate treatment was corroborated by an affidavit from the inmate with whom plaintiff was conversing. Under these circumstances, we conclude a genuine issue of material fact remains with respect to whether Bristol violated plaintiff's Eighth Amendment rights. However, we agree with the district court's determination that the remaining defendants are entitled to judgment as a matter of law.
 
 
 5
 Accordingly, the judgment of the district court is vacated with respect to defendant Bristol only and this case is remanded to the district court for further proceedings consistent with this order. The judgment is affirmed in all other respects. Rule 9(b)(3), Rules of the Sixth Circuit.